Below is an opinion of the court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In Re: <br><br> DOUG TISON PICKETT, <br><br> Debtor. <br><br> DENNIS' SEVEN DEES LANDSCAPING, INC., an Oregon corporation, <br><br> Plaintiff, <br><br> v. <br><br> DOUG TISON PICKETT, <br><br> Defendant. | Bankruptcy Case No. 18-33652-tmb13 <br><br><br><br> Adv. Proc. No. 19-3004-tmb <br><br> MEMORANDUM OPINION[1] |
|---|---|

This matter came before the court on Debtor Doug Pickett's Motion for Summary Judgment (the "Motion," ECF No. 26). The court heard oral arguments on the Motion on August 5, 2019. Debtor was represented at the hearing by David Anderson and Darien Loiselle; plaintiff Dennis' Seven Dees Landscaping, Inc. ("DSDL") was represented by David Hosenpud. I have carefully considered the memoranda, arguments, and declarations offered by both parties,

---

[1] This disposition is not appropriate for publication, although it may be cited for whatever persuasive value it may have.

Page 1 – MEMORANDUM OPINION

and have reviewed relevant legal authorities, both as cited to be my the parties and as located through my own research.

## Legal Standards

I have jurisdiction to decide this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (I).  A court should grant summary judgment on a claim "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (applicable through  Fed. R. Bankr. P. 7056).  The movant has the burden of establishing that there is no disputed issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The court must view the facts and draw all inferences in the light most favorable to the non-moving party.  *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir. 2003).  The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986).  A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a finder of fact might return a verdict in its favor.  *Id.* at 257.

## Conceded Claims

DSDL's complaint (ECF No. 1) contains eight claims for relief.  Debtor has moved for summary judgment on all eight claims.  In response, DSDL states that it "withdrew" its second, third, and eighth claims (for misappropriation of trade secrets, breach of fiduciary duties, and non-dischargeability under § 523(a)(6), respectively).[2]  Pltf. Resp. (ECF No. 34), at 6.  Despite this statement, DSDL has taken not steps to affirmatively "withdraw" these claims.  Instead, it has stipulated to a pretrial order (ECF No. 36) which simply omits the three claims.  Although the pretrial order does supersede the complaint (under Federal Rule of Civil Procedure 16(d)), there is also the possibility that DSDL could attempt to resurrect these claims by invoking Federal Rule of Civil Procedure 15(b).  Debtor has made persuasive arguments in opposition to

---

[2] The parties have renumbered the claims in the pretrial order, which can result in confusion regarding the claims' labels.  For simplicity's sake, this opinion refers to all claims based on the numbering in the complaint.

these three claims, and DSDL conceded at oral argument that Debtor was entitled to summary judgment. Accordingly, for purposes of clarifying the record, I will grant Debtor's motion as to DSDL's second, third, and eighth claims for relief.

Claims 1 and 6: Fraud and Nondischargeability under § 523(a)(2)(A)

Debtor's Motion attacks DSDL's fraud claim from several angles. To begin, Debtor emphasizes that DSDL has not alleged reasonable reliance. This is a potential weakness in DSDL's case, but at a minimum, plaintiff has alleged facts sufficient to state a claim for fraud with respect to the South Cooper Mountain High School ("SCMHS") project, and has provided evidence to support the allegations in the complaint. While Debtor is free to challenge DSDL's allegations at trial, the SCMHS claims turn largely on questions of Debtor's intent, thus making summary judgment disfavored. *See Bell v. Stuerke (In re Stuerke)*, 61 B.R. 623, 626 (9th Cir. BAP 1986) ("Summary judgment is not a device to be employed by a trial court to dispose of litigation simply because it appears that the [non-moving party] may have a weak case. Summary judgment is not to be granted lightly and is not a substitute for the trial of disputed issues of fact. Fraud claims in particular are normally so attended by factual issues that summary judgment is seldom possible." (citations omitted)).

Debtor also argues that the mere nonperformance of a promised act is insufficient to support a fraud claim. This is a correct statement of law, but adjudicating DSDL's allegations implicates questions about Debtor's intent and state of mind at the time that contracts were made, thus necessitating fact finding at trial.

Finally, Debtor states that DSDL has not stated a claim under § 523(a)(2)(A) because there is no evidence that Debtor obtained anything of value in connection with the alleged fraud. This argument fails as explained in *Muegler v. Bening*, 413 F.3d 980, 984 (9th Cir. 2005) ("[I]n light of *Cohen* [*v. de la Cruz*, 523 U.S. 213 (1998)], the receipt of a benefit is no longer an element of fraud under § 523(a)(2)(A).").

For the reasons stated above, I will deny the Motion as to DSDL's first and sixth claims for relief.

Page 3 – MEMORANDUM OPINION

Claim 4: Conversion

Debtor argues that DSDL's conversion claim fails as a matter of law because the plaintiff has not alleged intentional exercise of dominion or control over tangible personal property. I cannot grant summary judgment as to the entirety of the fourth claim, because DSDL has alleged conversion of a $1,544 septic tank. While DSDL's evidence regarding the septic tank appears highly circumstantial, plaintiff has pointed to evidence that may contradict Debtor's version of events, which is enough to defeat summary judgment as to this specific allegation. In addition, DSDL has alleged facts that *might* (drawing inferences favorable to the non-moving party) constitute conversion of certain documents. Other than these two situations, however, Debtor's arguments regarding DSDL's conversion claim are largely compelling.

Any claim for conversion must specify the property which was converted. *See Becker v. Pacific Forest Indus.*, 229 Or. App. 112, 116 (2009) (defining elements of conversion). As a general matter, only tangible personal property is subject to conversion. *Id.* (conversion involves exercise of domain or control "over a chattel"); *Konecranes, Inc. v. Sinclair*, 340 F.Supp.2d 1126, 1132 (D. Or. 2004) (business-customer relationship is intangible property not subject to conversion); *see* Restatement (Second) of Torts §§ 222A and 242, cmt. d. (1965) (discussing property that can be converted). DSDL's allegations contain several references to conversion of intangible property such as "corporate opportunities" (Pretrial Order (ECF No. 36) at 4), "business opportunity" (*id.* at 7), and "labor" (*id.* at 6). None of these assets are subject to conversion, and therefore Debtor is entitled to summary judgment as to this issue.

DSDL's contention that Debtor converted money (Pretrial Order, at 11) is a closer call. Under the modern approach, money (even in an intangible form) can be subject to conversion, but only if the money was "wrongfully received by the party charged with conversion or unless such party was under obligation to return the specific money to the party claiming it." *Wood Indus. Corp. v. Rose*, 271 Or. 103, 108 (1975). DSDL argues that Debtor's alleged inflation of invoices constitutes conversion, but I conclude that this theory fails as a matter of Oregon law. The only way in which LP Northwest's receipt of DSDL's payments could be considered "wrongful" is if DSDL succeeds in proving that Debtor charged amounts in excess of the parties'

Page 4 – MEMORANDUM OPINION

agreement. At best, this is garden-variety breach of contract. At worst, it may be fraud. In either case, it is not conversion because DSDL voluntarily made the payment in exchange for goods or services provided by LP Northwest. Just because DSDL now seeks to recoup some of these funds due to Debtor's alleged misconduct does not transform these facts into a conversion claim. Indeed, DSDL's theory would lead to absurd results: under this interpretation, *any* civil claim that arises from a transaction involving a payment of money would form the basis for a conversion claim.

Finally, DSDL's reliance on *In re Lupo* is misplaced. *Lupo* involved an employee who contacted customers of his employer and wrongfully told them to direct their payments on outstanding invoices to his personal account. *United Services Associated v. Lupo (In re Lupo)*, No. 08-6196-fra, 2019 WL 1917075, at *1-2 (Bankr. D. Or. Jun. 30, 2009). The facts of *Lupo* are materially distinguishable insofar as Mr. Lupo wrongfully caused payors to remit funds to a party who did not own the underlying account receivable—a fact pattern not alleged in this case. *See Becker*, 299 Or. App. at 116 (one factor to consider in determining the seriousness of the defendant's interference is his "intent to assert a right in fact inconsistent with the [plaintiff]'s right of control.").

Pursuant to Federal Rule of Civil Procedure 56(a) (applicable via Federal Rule of Bankruptcy Procedure 7056), I will grant partial summary judgment on DSDL's fourth claim for relief, to the extent that DSDL alleges conversion of money or other intangible property.

Claim 5: Intentional Interference with Economic Relations

Debtor moves for summary judgment on this claim by arguing that "[t]here is no evidence that Pickett interfered with plaintiff's relationships with its general contractors or project owners, intentionally or otherwise." Mem. ISO Motion (ECF No. 27), at 16-17. This contention is not supported by the record. DSDL has pointed to evidence of such interference, and the strength of such evidence must be tested at trial. I will deny the Motion as to the fifth claim for relief.

### Claim 7: Nondischargeability under § 523(a)(4)

Once again, Debtor has pointed out weaknesses in DSDL's theory, but not enough to warrant summary judgment on this claim. Drawing inferences in favor of DSDL, it is possible that hiding or absconding with DSDL's bid documents could constitute embezzlement for purposes of § 523(a)(4). Accordingly, I will Deny the Motion as to DSDL's seventh claim for relief.

### Conclusion

The court will enter an order granting the Motion in part, and denying it in part, as set forth in this opinion.

###

cc: David Anderson
     David Hosenpud