

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**TRISH M. BROWN**
CHIEF JUDGE

1050 SW SIXTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

August 22, 2019

David G. Hosenpud
Lane Powell PC
601 SW Second Ave., Suite 2100
Portland, OR 97204

Darien S. Loiselle
Schwabe, Williamson & Wyatt, P.C.
1211 SW Fifth Ave., Suite 1900
Portland, OR 97204

**VIA CM/ECF ONLY**

Re:  *Dennis' Seven Dees Landscaping v. Pickett*, Adv. Proc. No. 19-3004-tmb
     Evidentiary Motions

Dear Counsel:

I have received Debtor Doug Pickett's Evidentiary Motions (the "Pickett Motion," ECF No. 53) and Plaintiff Dennis' Seven Dees Landscaping, Inc.'s Motion to Exclude Testimony of Doug Pickett's Expert Witness James R. Omundson (the "DSDL Motion," ECF No. 55). Having carefully considered the arguments in the parties motions and responses, examined the underlying exhibits, and reviewed relevant case law, I write today with my ruling on both motions.

**Pickett Motion**
The Pickett Motion contains three requests for relief: (1) exclusion of all of DSDL's exhibits "because plaintiff has failed to identify the specific documents it actually intends to introduce at trial," (2) exclusion of DSDL's Exhibit 35, and (3) exclusion of summary documents (Exhibits 236-267) to the extent they are offered as substantive evidence as opposed to demonstrative exhibits. Pickett Motion at 2. I will address each request in turn.

Pickett's first motion, to exclude all of DSDL's exhibits, lacks merit. I am not persuaded by Debtor's reading of the court's local rules and scheduling order. DSDL does not need to justify the volume of its exhibits, and even if it did, I find that DSDL has articulated a reasonable basis for the substantial number of trial exhibits it has submitted.

The second motion, to exclude Exhibit 35, is meritorious. As Debtor correctly notes, Federal Rule of Civil Procedure 37(c) (applicable here through Federal Rule of Bankruptcy Procedure 7037) allows the court to exclude evidence that was not produced in response to a valid

discovery request. DSDL admits that this exhibit was not produced in discovery, but argues that it was exempt from production under the attorney work-product doctrine and that it falls outside of the June 2015 to November 2016 date range of the relevant request for production. DSDL Resp. to Pickett Motion (ECF No. 58), at 4-5. Neither of these defenses is persuasive.

Exhibit 35 is a letter from Ron Roth to Dean Snodgrass regarding Mr. Roth's bid for a contract with DSDL. The federal work-product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3) (applicable via Federal Rule of Bankruptcy Procedure 7026). *See Admiral Ins. Co. v. U.S. Dist. Ct. for the Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989). The doctrine protects "documents . . . that are prepared in anticipation of litigation or for trial *by or for another party or its representative* (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). Fed. R. Civ. P. 26(a)(3)(A) (emphasis added). According to DSDL, Mr. Roth is the owner of R.A. Roth Construction & Son, Inc., which is a contractor that DSDL sometimes hires. Pltf's Witness List (ECF No. 39), at 18. The work-product doctrine is intended to protect the work of attorneys and agents that are retained in anticipation of litigation; an ordinary-course vendor is not the type of representative or agent that falls within the doctrine.

Nor are DSDL's temporal arguments persuasive. Many of Debtor's discovery requests were limited to information relating to transactions between June 2015 and November 2016. DSDL argues that the Roth letter, dated March 2017, is outside this scope. Pltf. Resp. at 4. Yet, Exhibit 35 appears to summarize actions that did occur during the relevant time frame, even though Mr. Roth appears to have drafted the document in 2017, after the fact. Accordingly, I will grant Debtor's motion to exclude Exhibit 35.

Finally, Debtor seeks to exclude the summaries included in Exhibits 236-267 except to the extent they are offered as demonstrative exhibits. DSDL responds by arguing that the summaries are admissible under Federal Rule of Evidence 1006. I agree that DSDL has shown that the summaries are *potentially* admissible under Rule 1006; however, DSDL still bears the burden of laying a foundation for admissibility. *See Judson Atkinson Candies v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 (7th Cir. 2008) ("The admission of a summary under Fed. R. Evid. 1006 requires a proper foundation as to the admissibility of the material that is summarized and a showing that the summary is accurate." (internal quotation marks, omission, alteration, and citation omitted)). Accordingly, DSDL should be prepared to provide such foundational testimony. I will therefore deny Debtor's third motion without prejudice to Debtor's ability to renew the motion at trial.

**DSDL's Motion**
In its motion, DSDL seeks to exclude the testimony of Debtor's expert witness James Omundson. Specifically, DSDL argues that Debtor has failed to provide a written expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B) and (D). DSDL Motion at 2-3. Debtor contends that the written-report requirements of Rule 26(a)(2) were modified by the court's amended scheduling order. Debtor's Resp. to DSDL Motion (ECF No. 56), at 3-4. While it was not the court's intent to modify these provisions of Rule 26(a)(2), the scheduling order is ambiguous, and Debtor's interpretation is not unreasonable. At the same time, DSDL has apparently provided a report from its own expert, and it would be unfair to excuse Debtor from providing the same type of information. Moreover, as Debtor notes, under DSDL's reading of

the deadlines, expert reports were due after the close of discovery. Accordingly, the only purpose of the written report is to help the adverse party prepare for trial—a goal that can still be achieved here, albeit on a delayed basis. I will therefore require Debtor to provide DSDL with a written expert report no later than September 3, 2019. DSDL's remaining objections to Mr. Omundson's testimony are overruled, but DSDL may renew them at trial if Mr. Omundson offers improper opinion testimony.

**Conclusion**
Consistent with the rulings above, the court will enter an order denying Debtor's first and third motions, granting Debtor's second motion, and requiring Debtor to provide a written expert report by September 3.

Very truly yours,

Trish M. Brown