DISTRICT OF OREGON
**F I L E D**
February 18, 2020
Clerk, U.S. Bankruptcy Court

Below is an order of the court.

TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: <br><br> DOUG TISON PICKETT, <br><br> Debtor. | Bankruptcy Case <br> No. 18-33652-tmb13 |
| DENNIS' SEVEN DEES LANDSCAPING, INC., an Oregon corporation, <br><br> Plaintiff, <br><br> v. <br><br> DOUG TISON PICKETT, <br><br> Defendant. | Adv. Proc. No. 19-3004-tmb <br><br> OPINION AND ORDER RE: MOTION FOR ATTORNEY FEES |

This matter came before the court on a Motion for Attorney Fees (the "Motion," ECF No. 83) filed by Debtor Doug Pickett. The parties are familiar with the background of this case, so I will only recount the essential material facts: plaintiff Dennis' Seven Dees Landscaping, Inc. ("DSDL") filed a prepetition suit alleging nine claims against Debtor (who was DSDL's former employee). Declaration of David A. Anderson (ECF No. 84), Exh. 1. After Debtor filed his chapter 13 petition, DSDL commenced the above-captioned adversary proceeding by filing a complaint in this court based on the same transactions and occurrences that had formed the basis for the earlier complaint in state court.

DSDL's complaint in this adversary proceeding pleaded eight claims for relief. Opinion re: Debtor's Motion for Summary Judgment (ECF No. 60), at 2. One of those eight claims was

Page 1 – OPINION AND ORDER RE: MOTION FOR ATTORNEY FEES

for misappropriation of trade secrets. On June 21, 2019, Debtor moved for summary judgment on all eight claims. Motion for Summary Judgment (ECF No. 26). In responding to Debtor's summary judgment motion, DSDL asserted that three of its claims (including the trade-secrets claim) had been omitted from the parties' joint pretrial order because "DSDL determined it was appropriate to withdraw" those claims. DSDL Resp. to MSJ (ECF No. 34) at 6. To resolve any doubt, the court granted Debtor summary judgment on the trade-secrets claim. Order re: Summary Judgment (ECF No. 61).

Beginning on September 16, 2019, the court held a four-day trial on the remaining claims. On December 11, 2019 the court entered a memorandum opinion ruling for Debtor on all claims. Debtor, in the Motion, now seeks an award of attorney fees pursuant to the Oregon Uniform Trade Secrets Act ("UTSA," ORS 646.461 to 646.475).

In opposing the Motion, DSDL first argues that this court lacked jurisdiction to rule on the trade-secrets claim because DSDL had mooted that claim by omitting it from the pretrial order. Pltf. Resp. to Motion (ECF No. 88) at 12-14. This argument is unpersuasive. It is correct, as DSDL points out, that a party can moot a claim by withdrawing it. Yet, mootness is not to be casually inferred. *Northwest Envtl. Defense Ctr. v. Gordon*, 849 F.2d 1241, 1245 (9th Cir. 1988) ("The burden of demonstrating mootness is a heavy one."); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (when defendant seeks to moot a case through voluntary compliance, it "bears the *formidable burden* of showing that it is *absolutely clear* the allegedly wrongful behavior could not reasonably be expected to recur" (emphasis added)). If DSDL had taken affirmative steps to withdraw the trade-secrets claim (such as noting its abandonment in the pretrial order or moving for dismissal under Federal Rule of Civil Procedure 41(a)), then its mootness argument may have some purchase. In reality, DSDL simply omitted the claim from the pretrial order and left others to guess as to what this meant. This course of action did not evince a knowing and intentional withdraw of the claim, and therefore it did not result in mooting the claim.

Turning to the merits of the Motion, Debtor argues that an award of fees under the UTSA is appropriate because DSDL prosecuted the trade-secrets claim in bad faith. Motion at 8-9.

Debtor additionally argues that *all* his fees are recoverable under the UTSA fee statute, even fees that were incurred in connection with DSDL's other (non-trade-secrets) claims. *Id.* at 11-12. I do not believe Debtor should receive any fee award. In arriving at this conclusion, two points deserve emphasis. First, as to Debtor's argument that he may recover fees under the USTA for defending against DSDL's non-trade-secret claims, Debtor cites only one case: *Estate of Smith v. Ware*, 307 Or. 478 (1989). But *Ware* makes clear that a trial court has *discretion* to award fees for non-fee generating claims. *Id.* at 481. Here, I do not believe such a discretionary award would be appropriate because the vast majority of Debtor's attorney fees were incurred defending against the non-trade-secrets claims. Based on the issues that arose at trial, I am confident that Debtor would have incurred virtually the same amount of attorney fees even if DSDL had withdrawn its trade-secrets claim early in the case.

Second, I agree with DSDL that the prepetition procedural history establishes that the USTA claim was not made in in bad faith. The parties concur that a determination of bad faith requires a finding that DSDL: (1) brought an objectively specious claim, and (2) engaged in subjective misconduct during the litigation. *See Contract Materials Processing v. Kataleuna GMBH Catalysts*, 222 F.Supp.2d 733, 744 (D. Md. 2002) (interpreting bad-faith requirement in Maryland's Uniform Trade Secrets Act); *see also Conant v. Stroup*, 183 Or. App. 270, 276-277 (2002) (Oregon courts consult decisions of other states construing uniform laws). An objectively specious claim is one "where there is a complete lack of evidence supporting Plaintiff's claims." *Contract Materials*, 222 F.Supp.2d at 745. As DSDL points out, when this dispute was still in Clackamas County Circuit Court, Debtor lost his motion for summary judgment on the trade-secrets claim because the state court found there were "genuine material issues of fact . . . concerning whether [DSDL]'s internal cost information constituted a trade secret." Declaration of David Hosenpud, (ECF No. 88), Exh. 6 at 2. This ruling is enough to satisfy me that the trade-secrets claim was not objectively specious—unlike this court, the Clackamas County court heard detailed arguments and received evidence concerning the merits of the trade-secrets claim. The fact that the court denied Debtor's motion for summary judgment satisfies me that the claim was not completely lacking in evidence. Because a finding of bad faith requires both

Page 3 – OPINION AND ORDER RE: MOTION FOR ATTORNEY FEES

speciousness and subjective misconduct, I need not reach the issue of whether DSDL engaged in misconduct.[1]

For the reasons stated herein, it is hereby ORDERED that the Motion is denied.

###

cc: David G. Hosenpud
Darien S. Loiselle

---

[1] I will briefly note that the Motion somewhat overstates the argument that DSDL committed misconduct during this adversary proceeding. Debtor is correct that my opinion noted several weaknesses in DSDL's case; however, I did not make any finding of frivolousness or misconduct, and I decline to do so here.